### W. M. Brown v. The State.

9320.　Delivered June 17, 1925.

**Transporting Intoxicating Liquor—Recognizance—Must Describe Offense.**

Where on appeal from a conviction of transporting intoxicating liquor the recognizance recites that defendant stands charged with the offense of a felony, and who has been convicted in "This court of a felony" this is not sufficient, and the appeal is dismissed. See Art. 903 Vernon's C. C. P.

Appeal from the District Court of Bowie County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction of transporting intoxicating liquor; penalty, one year in the penitentiary.

*Johnson & Waters,* for appellant.

Tom Garrard, State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in district court of Bowie County of transporting intoxicating liquor; punishment, one year in the penitentiary.

The recognizance in this case is defective. It merely states that the defendant stands charged with the offense of a felony and who has been convicted in "This court of a felony." This is not sufficient. Art. 903, Vernon's C. C. P. provides the form for recognizance on appeal in felony cases ard requires that a recognizance shall state the offense for which conviction was had. Simply to describe it as a felony is bad.

The appeal will be dismissed.

*Dismissed.*